CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 9 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

GREGORY J. HALE, )
)
Petitioner, )
) Case No. 7:10CV00238
v. )
) <u>**MEMORANDUM OPINION**</u>
)
GENE M. JOHNSON, DIRECTOR, ) By: Glen E. Conrad
) **Chief United States District Judge**
Respondent. )

    Petitioner Gregory J. Hale, a Virginia inmate proceeding <u>pro se</u>, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Hale challenges the validity of his confinement pursuant to the November 14, 2006 judgment of the Scott County Circuit Court under which he stands convicted of driving under the influence, third offense in ten years. Respondent filed a motion to dismiss the petition without prejudice because petitioner has available state court remedies. Petitioner responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

## Background

A Scott County Circuit Court jury found Gregory J. Hale guilty of driving under the influence, third offense in ten years. (Case No. CR06000100-00.) The trial court sentenced him to a term of two years and six months imprisonment and five months probation.[1] Hale, by counsel, raised two claims on appeal: (1) the trial court erred in denying counsel's motion to withdraw after the defendant requested new counsel and (2) the evidence was insufficient as a matter of law to sustain his conviction. (Record No. 3119-06-3). The Court of Appeals of Virginia notified Hale's attorney by letter that the petition for appeal failed to comply with Virginia Supreme Court Rule 5A:20(c), but granted an opportunity for counsel to submit a corrected petition. Within the allotted time, counsel filed an amended petition. Counsel for the respondent states that this amended petition "appears to conform to the requirements of the Court of Appeals' request." (M. Dism. 2.) Nevertheless, the Court of Appeals dismissed the petition for appeal on July 19, 2007, on the ground that the petition failed to comply with Sup. Ct. Va. Rule 5A:20(c). The Court of Appeals subsequently denied a petition for rehearing on October 3, 2007.

Hale's appellate counsel did not thereafter appeal to the Supreme Court of Virginia, although Hale had not indicated to counsel that he intended to abandon his right to appeal. Hale filed a petition for a delayed appeal in the Supreme Court of Virginia on July 24, 2008. The respondent agreed that the petitioner was denied his right to appeal through no fault of his own. By order dated December 1, 2008, the Supreme Court of Virginia granted the petition for a delayed appeal, allowing Hale to appeal the decision of the Court of Appeals of Virginia to the

---

[1] Neither Hale nor the respondent argues that Hale is not "in custody" at this point for purposes of pursing this action under § 2254(a) (authorizing habeas relief for an inmate confined under the judgment of a state court if he demonstrates that he is "in custody" in violation of the Constitution or laws or treaties of the United States). The electronic docket of the Scott County Circuit Court indicates that he received other sentences of incarceration in 2006 and 2007. His own submissions indicate that he remains incarcerated at this time, although he states that he is scheduled to be released in less than two months. He then has at least five months of probation to serve, related to the conviction he is challenging.

Supreme Court of Virginia. Hale filed a petition for appeal in the Supreme Court of Virginia, which refused the petition for appeal on August 21, 2009. (Record No. 090330). It is not clear from that order whether the Supreme Court of Virginia considered the merits of the petitioner's appellate claims, which were not addressed by the Court of Appeals of Virginia, or whether the Supreme Court of Virginia agreed with the decision of the Court of Appeals that the petitioner's brief on appeal failed to comply with Sup. Ct. Va. Rule 5A:20(c).

A few weeks later, Hale filed a pro se petition for a writ of habeas corpus in the Scott County Circuit Court, challenging his conviction on the following grounds:

> (A)(1) Trial counsel was ineffective in failing to file a motion to suppress petitioner's prior, out-of-state conviction for DUI, as the prior conviction order was not properly filled out;
>
> (A)(2) Trial counsel was ineffective for failing to object to the "inadmissible evidence" of the out-of-state conviction for DUI;.
>
> (A)(3) Trial counsel was ineffective for failing to file a motion to bar the testimony of two Commonwealth's witnesses because of a dispute between them and the petitioner;
>
> (A)(4) Petitioner and trial counsel were "in disagreement in representation" and both asked that trial counsel be removed as counsel for petitioner because of this conflict of interest;
>
> (A)(5) Appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to file a motion to suppress the out-of-state conviction order;
>
> (A)(6) Appellate counsel was ineffective for failing to file a "motion for sanctions" against the Commonwealth for failing to file a brief in opposition to the petition for appeal within 21 days;
>
> (A)(7) Appellate counsel was ineffective for failing to seek permission from the Supreme Court of Virginia to file an appeal in the Court of Appeals, "so that a three judge panel could consider the merits of [petitioner's] claims";
>
> (A)(8) Appellate counsel was ineffective for failing to raise the out-of-state conviction order as "null and void" as an issue on appeal;
>
> (B) The Commonwealth improperly used an "out-of-state DUI Judgment Order" that was not correctly completed to elevate petitioner's charge to a felony;
>
> (C) The evidence of petitioner's prior conviction for DUI was insufficient; and

(E)[2] The Court violated the 8th and 14th Amendments of the United States Constitution prohibiting cruel and unusual punishment and protecting petitioner's due process rights.

Counsel for the respondent filed an answer and motion to dismiss on January 4, 2010, asking the Circuit Court to grant Hale a delayed appeal to the Court of Appeals of Virginia, but to dismiss the petitioner's remaining claims. By letter dated December 14, 2009, the Circuit Court stated its intent to appoint counsel to represent the petitioner in his habeas proceedings,[3] and did so on January 11, 2010.[4] On December 30, 2009, the petitioner filed a pro se motion for bail pending disposition of his habeas petition, which the Circuit Court denied on January 13, 2010. On January 12, 2010, the petitioner filed a pro se "Motion to Stay" and "Request," asking the Circuit Court to withhold any ruling on the respondent's motion to dismiss until he could confer with appointed counsel and file a response. On February 25, 2010, the petitioner filed a pro se pleading styled as "Consolidated Motions," asking the Circuit Court for leave to amend his habeas petition, to lift the stay he had previously requested, and to allow "further briefing and [an] evidentiary hearing" on all of his claims.

Hale's court-appointed habeas attorney moved on March 26, 2010 to withdraw, citing "potential conflicts that [might] arise" during his representation of Hale. The Circuit Court granted the motion to withdraw on March 29, 2010. By letter dated April 6, 2010, counsel for the respondent asked the Circuit Court to deny Hale's request for court-appointed counsel.

Counsel for respondent and Hale appeared before the Circuit Court by telephone conference call on July 1, 2010 to address the pending motions, including the request for

---

[2] Hale's petition did not include a Claim (D).

[3] Sometime prior to December 14, 2009, but after the filing of his state habeas petition, Hale requested that the Circuit Court appoint counsel to represent him on his habeas petition. Counsel for the respondent states that she was not served with a copy of this motion and had no notice that this request had been made until faxed a copy of the Circuit Court's responding letter on January 7, 2010. Counsel was also not granted an opportunity to respond to Hale's request for appointment of counsel before the court appointed counsel for Hale on January 11, 2010.

[4] On January 18, 2010, the petitioner filed a pro se "Answer to Motion to Deny Bail" and "Complaint of Professional Misconduct."

appointment of counsel. On July 9, 2010, the Court issued orders: 1) denying Hale's ongoing request for appointment of counsel and his motion to amend his <u>habeas</u> petition; 2) granting Hale a delayed appeal to the Court of Appeals of Virginia; and 3) granting the respondent's motion to dismiss as to Hale's remaining <u>habeas</u> claims. The Court directed the respondent, in the name of the Commonwealth, to petition the Court of Appeals for Hale's right to seek a delayed appeal to that Court from the final judgment of the Circuit Court. On July 23, 2010, the Commonwealth filed a motion in the Court of Appeals, asking the Court to "enter an order permitting Gregory J. Hale to belatedly file a petition for appeal . . . from the judgment of the Scott County Circuit Court entered on November 14, 2006 in Criminal No. CR06000100-00" and directing the Circuit Court to appoint counsel to represent him in that appeal." (M. Dism. Exh. 16, p. 2.) Hale states that he has not filed a notice of appeal since the entry of the Circuit Court's order granting him a belated appeal.

On May 31, 2010, while the Circuit Court <u>habeas</u> petition was still pending, Hale signed and dated his federal <u>habeas</u> petition, alleging the following grounds for relief:

> (1) Trial counsel was ineffective in failing to file a motion to suppress petitioner's prior, out-of-state conviction for DUI, as the prior conviction order lacked sufficient information to show a valid conviction (State <u>Habeas</u> Claim (A)(1));

> (2) Trial counsel was ineffective for failing to argue that the out-of-state conviction for DUI was "inadmissible evidence" to support a conviction for third DUI offense (State <u>Habeas</u> Claim (A)(2));

> (3) Petitioner and trial counsel were "in disagreement in representation" as trial counsel refused to object to the out-of-state conviction order (State <u>Habeas</u> Claim (A)(4));

> (4) Appellate counsel was ineffective for failing to file a "motion for sanctions" against the Commonwealth for failing to file a brief in opposition to the petition for appeal within 21 days (State <u>Habeas</u> Claim (A)(6));

> (5) Appellate counsel was ineffective for failing to seek permission from the Supreme Court of Virginia to file an appeal in the Court of Appeals, "so that a three judge panel could consider the merits of [petitioner's] claims." (State <u>Habeas</u> Claim (A)(7)).

> (6) Appellate counsel was ineffective for failing to raise the out-of-state conviction order as "null and void" as an issue on appeal (State <u>Habeas</u> Claim (A)(8));

(7) The Commonwealth improperly used an "out-of-state DUI Judgment Order" that was not correctly completed to elevate petitioner's charge to a felony (State Habeas Claim (B));

(8) The evidence of petitioner's prior conviction for DUI was insufficient (State Habeas Claim (C));

(9) The trial court, the Virginia appellate courts, and the Virginia Attorney General's office violated petitioner's right to a speedy trial and appellate review, in violations of the 8th and 14th Amendments of the United States Constitution prohibiting cruel and unusual punishment (State Habeas Claim (E));[5] and

(10) The Commonwealth fabricated the conviction orders used to prove petitioner's two prior convictions for DUI, and trial and appellate counsel were ineffective "in allowing the fabrication and [ ] usage." [6]

### Discussion

Under 28 U.S.C. § 2254(b), a federal court cannot grant habeas relief unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice, so that he can complete the exhaustion process. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. See Va. Code § 17.1-406(A). Second, he can attack his conviction collaterally by filing a state habeas petition in the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of

---

[5] The petitioner also contends that the Virginia appellate courts are now included in this claim, along with the Attorney General's office and the "(4) attorneys . . . appointed and paid for by the state."

[6] Claim 10 of the federal petition corresponds with Claims (A)(9) and (A)(10) in Hale's motion to amend his state habeas petition, which was denied by the Circuit Court.

Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may grant relief on that claim under § 2254.

The respondent filed the motion to dismiss on July 23, 2010, arguing that the petition should be dismissed because Hale has not exhausted state court remedies. The court agrees that as to some of his claims, Hale has an available remedy–the delayed direct appeal to the Court of Appeals of Virginia granted to him by the Circuit Court on August 6, 2010. He could raise the following claims in such an appeal, to the extent that they allege error by the court or the prosecutor during trial: Claims (7), (8),(9), and (10). Thus, these claims are not exhausted under § 2254(b)(1)(B)(i).

Hale's ineffective assistance claims could not be raised in the belated appeal. See Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (claims raising ineffective assistance of counsel in a Virginia criminal case must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal). Hale had thirty (30) days from August 6, 2010 in which to appeal to the Supreme Court of Virginia from the Circuit Court's dismissal of his claims of ineffective assistance of counsel. See Sup. Ct. Va. Rule 5:9(a). However, it appears from the Supreme Court of Virginia's electronic docket that Hale chose to forego this habeas appeal, as this record shows no appeal filed by Hale since the Circuit Court's judgment was entered on August 6, 2010. Therefore, Hale's claims of ineffective assistance of counsel are "exhausted" under § 2254(b)(1)(B)(i), because he no longer has a state court remedy available as to these claims.

A § 2254 petition including a mixture of unexhausted and exhausted claims, such as Hale's current petition, must generally be dismissed without prejudice in its entirety to allow for complete exhaustion of all claims. See Rose v. Lundy, 455 U.S. 509 (1982). The United States Supreme Court grounded this rule on long-standing principles of comity between the federal and

state courts, noting that: (1) "[a] rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error" and (2) "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."[7] Id. at 518-19.

In his response to the motion to dismiss, Hale asserts that he does not wish to pursue the delayed appeal on his unexhausted claims. He argues that it is meaningless, given the short time remaining until his release from incarceration.[8] Rather, he moves this court to construe his petition as a civil rights action, pursuant to 42 U.S.C. § 1983 and to stay it until his release from incarceration, which he says will occur in 46 days from the date on which he prepared his response on August 11, 2010. He cites Spencer v. Kemna, 523 U.S. 1, 21 (1998) for the proposition that a former inmate may challenge his conviction under § 1983, once he is no longer in custody under that conviction. He also asserts that he wishes to bring "tort" claims against unnamed state officials, including his former court-appointed counsel, for their alleged constitutional errors during his trial and appeals.[9]

The court does not find Hale's suggested construction of the petition as a § 1983 to be appropriate under the circumstances. His pleadings indicate that, counting the remaining weeks of his prison term with his probation term to follow, Hale will be "in custody" under the challenged

---

[7] The mixed petition rule also protects the petitioner from the bar against successive petitions, now codified under 28 U.S.C. § 2244(b). If the court addressed only the exhausted claims and dismissed the unexhausted claims, once petitioner had completed the exhaustion process and filed a second § 2254 petition presenting them in federal court, that petition would be dismissed under § 2244(b) as successive. See Slack v. McDaniel, 529 U.S. 473 (2000). Dismissal of the mixed petition without prejudice, on the other hand, allows the petitioner to complete the exhaustion process and then seek federal habeas review of all claims in single petition.

[8] In his original petition, Hale also argued that his claims are all "exhausted" under § 2254(b)(1)(B)(ii), because any state court remedies still available to him will not be effective to protect his right to meaningful post-conviction review, given the short time he has remaining on his sentence.

[9] Hale's response to the motion to dismiss includes a list of allegations entitled "Claims under 1983."

convictions for at least six months yet. See Hammitt v. U.S. Probation Office, 235 Fed. App'x 129, 130 n.2 (4th Cir. 2007) ("For the purposes of relief under the federal habeas corpus statutes, probation constitutes custody, as a probationer is subject to restraints not shared by the public generally.") (citing Olson v. Hart, 965 F.2d 940, 943-44 (10th Cir.1992); Tinder v. Paula, 725 F.2d 801, 803 (1st Cir.1984); Hahn v. Burke, 430 F.2d 100, 102 (7th Cir.1970). As long as Hale remains "in custody," he cannot challenge the fact or the duration of his confinement in a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Similarly, while he is in custody, he cannot bring constitutional tort claims under § 1983 for monetary damages against individuals who allegedly committed acts that contributed to his wrongful conviction. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . ."). See also Wilkinson v. Dotson, 544 U.S. 74 (2005) (explaining that Heck prevents prisoners from making end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through an action under 42 U.S.C. § 1983).

Moreover, the court finds no justification for staying Hale's § 1983 claims until after he is no longer in custody.[10] Hale's belated appeal could conceivably be completed within that amount of time and, if successful, could still result in a meaningful remedy, such as expungement of the conviction or a reduction in his term of probation. Therefore, the court cannot find that Hale's

---

[10] In addition, Hale's claims as currently stated are not actionable under § 1983, because they do not name individual officials as defendants. See West v. Atkins, 487 U.S. 42 (1988) (finding that to state a cause of action under §1983, plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law) (emphasis added). Therefore, the action could not proceed under § 1983 without extensive amendment.

delayed appeal is an ineffective remedy under § 2254(b)(1)(B)(ii). Furthermore, given the Supreme Court's insistence on furthering comity between the state and federal court systems, this court must give the state courts the first chance to correct any constitutional problems related to Hale's criminal conviction and penalties. Rose, 455 U.S. at 518-19. In the interest of comity, therefore, the court will dismiss the action in its entirety without prejudice, as a mixed § 2254 petition. An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 19th day of August, 2010.

_____
Chief United States District Judge